UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD FUSSELLO, JR.,

        Plaintiff,

-VS-

WASHTENAW COUNTY, DEPUTY BRYAN GERWIG, and DEPUTY CHARLES SHANKLAND, in their individual capacities,

        Defendants.

Hon.
Case No.

JONATHAN R. MARKO (P72450)
RENO R. ARABO (P83692)
MARKO LAW, PLLC
**Attorneys for Plaintiff**
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
renoa@markolaw.com

## PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff, Edward Fussello, Jr, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against the above-named Defendants, states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988.

1

3. This Court has jurisdiction to issue declaratory and other relief under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Ypsilanti Township, County of Washtenaw, State of Michigan.

**PARTIES**

5. Plaintiff, EDWARD FUSSELLO, JR. ("Mr. Fussello"), is a 50-year-old citizen of the United States and, at all times relevant to this Complaint, was a resident of the City of Ypsilanti, County of Washtenaw, State of Michigan.

6. Defendant WASHTENAW COUNTY is a municipal entity organized under the laws of the State of Michigan, which operates, manages, and controls the Washtenaw County Sheriff's Office.

7. The Washtenaw County Sheriff's Office is headquartered at 2201 Hogback Road, Ann Arbor, Michigan. The Department holds itself out as being committed to the values of integrity and fairness in its interactions with citizens.

8. Defendant DEPUTY BRYAN GERWIG is sued in his individual capacity, is a police officer employed by the Washtenaw County Sheriff's Office, and, by all information and belief, resides in the State of Michigan.

9. Defendant DEPUTY CHARLES SHANKLAND is sued in his individual capacity, is a police officer employed by the Washtenaw County Sheriff's Office, and, by all information and belief, resides in the State of Michigan.

**FACTS**

10. On or about July 18, 2025, Defendant Deputies Bryan Gerwig and Charles Shankland were on patrol in Ypsilanti Township, Michigan.

11. The deputies were assigned as a two-man unit, wearing full Class B uniforms, and driving a fully marked Washtenaw County Sheriff patrol vehicle.

12. While patrolling near East Michigan Avenue and North River Street, they observed a black Jeep traveling eastbound.

13. The deputies believed the Jeep might be a recently reported stolen vehicle.

14. They performed a U-turn and followed the vehicle to confirm if it was stolen.

15. After catching up to the vehicle near Ecorse Road and Hawthorne Avenue, they realized it was a black 2011 Jeep Grand Cherokee, not the stolen Jeep Compass.[1]

16. Even though they confirmed the Jeep was not stolen, the Defendant deputies continued following the vehicle.

17. Defendant deputy Gerwig ran the license plate several times but claimed he could not obtain a return from dispatch.

18. Defendants deputies followed the Jeep without activating their emergency lights or sirens.

19. After the Jeep turned onto Ford Street, the deputies activated their overhead lights to initiate a traffic stop.

20. Plaintiff Edward Fussello Jr. immediately pulled his vehicle into a nearby residential driveway and stopped.

21. Mr. Fussello exited his vehicle without hesitation.

22. He was unarmed and clearly holding a burrito in his hand.

23. Deputies Gerwig and Shankland began shouting verbal commands for Mr. Fussello to get back into his vehicle.

---

[1] Of note, the Jeep Grand Cherokee is much larger and has distinct physical features compared to the Jeep Compass, including a taller and wider body, broader stance, and different front-end and taillight designs

24. Mr. Fussello's behavior was non-threatening, non-assaultive, and compliant in tone.

25. Despite this, Defendant Gerwig grabbed Mr. Fussello's wrist without cause.

26. Deputy Gerwig then performed a "leg sweep with an armbar takedown", slamming Mr. Fussello onto the ground.

27. Mr. Fussello struck the ground with force and screamed in pain.

28. The deputies immediately handcuffed Mr. Fussello as he lay on the ground

29. Mr. Fussello informed the deputies that he could not breathe and that his body was in severe pain

30. He soon began experiencing an asthma attack.

31. Mr. Fussello was not resisting or attempting to flee.

32. The deputies ignored his statements of distress

33. The force used was unnecessary, brutal, and excessive under the circumstances.

34. As a result of the takedown, Mr. Fussello suffered a fractured femur.

35. While he was handcuffed and injured, the deputies searched his pockets.

36. Approximately $150 in cash was taken from Mr. Fussello's person and never returned.

37. Due to the severity of his injuries, emergency medical services were called to the scene.

38. Mr. Fussello was transported by ambulance to the University of Michigan Hospital for treatment.

39. Medical personnel diagnosed him with a fractured femur.

40. He was later diagnosed with avascular necrosis of the bone in both hips caused by the injury.

41. Mr. Fussello's condition will require additional future surgeries, including a potential hip replacement.

42. The deputies arrested Mr. Fussello for Resisting and Obstructing a Police Officer.

43. The Washtenaw County Prosecutor's Office reviewed the incident.

44. The Prosecutor declined to authorize any criminal charge against Mr. Fussello.

45. In its denial, the Prosecutor noted that Mr. Fussello's behavior was "not assaultive or overly aggressive" and that dismissal was in "the interests of justice."

46. As a direct result of the Defendants' unlawful actions, Mr. Fussello suffered serious physical injuries, emotional trauma, financial hardship, and a deprivation of his constitutional rights.

47. He continues to experience fear, distrust, and anxiety regarding law enforcement officers.

## CLAIMS FOR RELIEF

### COUNT I -CONSTITUTIONAL CLAIMS
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983

*(Against Defendants Gerwig and Shankland)*

33. Plaintiff Edward Fussello, Jr. hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

34. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

35. The Fourth Amendment of the U.S. Constitution protected Mr. Fussello from excessive force. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

36. Defendants Gerwig and Shankland are "persons," as defined under 42 U.S.C. § 1983, and as agents of the Washtenaw County Sheriff's Office, were acting under the color of state law at all times relevant to this action.

37. By executing a violent "leg sweep with an armbar takedown" and violently slamming Mr. Fussello, an unarmed and non-threatening man, to the ground with such force as to fracture his femur, Defendants Gerwig and Shankland acted under color of law with deliberate indifference, and violated Mr. Fussello's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

38. The severity of the crime at issue was minor.

39. The incident stemmed from a traffic stop for a suspected vehicle issue, and the arrest was for non-violent resisting and obstructing, a charge the prosecutor later declined, finding Mr. Fussello's conduct was not "assaultive or overly aggressive."

40. Mr. Fussello did not pose an immediate threat to the safety of the officers or others. He was unarmed and made no verbal threats toward the officers.

41. At the time Defendant Gerwig slammed him to the ground, Mr. Fussello was not actively resisting arrest or attempting to evade arrest by flight.

42. Mr. Fussello's right to be free from such bone-breaking and excessive force under these circumstances was clearly established at the time Defendants used force against him.

43. Defendants Gerwig and Shankland acted intentionally, maliciously, and in reckless disregard of Mr. Fussello's rights.

44. As a proximate result of Defendants' actions, Mr. Fussello suffered and continues to suffer a fractured femur, avascular necrosis, severe and ongoing physical pain, emotional suffering, psychological injury, and trauma. Mr. Fussello continues to experience fear, distrust, and anxiety regarding law enforcement officers.

45. Mr. Fussello is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT II – UNLAWFUL SEIZURE AND FALSE ARREST IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. §1983**
(Against Defendants Gerwig and Shankland)

46. Plaintiff Edward Fussello, Jr. hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

47. Plaintiff brings this action pursuant to 42 U.S.C. §1983 alleging unlawful seizure and false arrest in violation of the Fourth and Fourteenth Amendments.

48. The Fourth Amendment guarantees the right of individuals to be secure in their persons against unreasonable searches and seizures, and to be free from arrest without probable cause.

49. The Fourteenth Amendment extends those protections to actions by state and local officers.

50. At all relevant times, Defendants Gerwig and Shankland were acting under color of law as deputies of the Washtenaw County Sheriff's Office.

51. Defendants Gerwig and Shankland lacked reasonable suspicion or probable cause to stop, detain, or arrest Plaintiff.

52. Defendants initiated a traffic stop even after confirming that Plaintiff's vehicle was not the stolen vehicle they initially suspected.

53. Defendants unlawfully detained Plaintiff, ordered him to comply with commands without cause, and arrested him without a valid warrant or probable cause.

54. The alleged charge of "Resisting and Obstructing" was unsupported by any assaultive, threatening, or aggressive behavior by Plaintiff.

7

55. The Washtenaw County Prosecutor later declined to authorize charges, finding that Plaintiff's behavior was "not assaultive or overly aggressive" and that dismissal was "in the interests of justice."

56. Defendants' actions constituted an unlawful seizure and false arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

57. At all times relevant, the rights of individuals to be free from arrest and seizure absent probable cause were clearly established.

58. Defendants acted intentionally, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

59. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer physical injury, pain and suffering, emotional distress, humiliation, and financial loss.

60. Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorney's fees and costs.

### COUNT III – *MONELL* LIABILITY IN VIOLATION OF 42 U.S.C. §1983
*(Against Defendant Washtenaw County)*

46. Plaintiff Edward Fussello, Jr. hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

47. Plaintiff has been subjected to a deprivation of his constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

48. The foregoing rights were clearly established at the time of the violations.

49. Defendant Washtenaw County failed to properly train, authorize, encourage, or direct Defendants Gerwig and Shankland on the proper and constitutional limits of the use of force.

50. In the alternative, Defendants Gerwig and Shankland acted in conformance with Defendant Washtenaw County's policy or practice of imposing unnecessary and excessive force.

51. The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by Defendant Washtenaw County, acting under the color of its statutory and legal authority, including but not limited to:

   a. Implementing a policy, custom, and practice of imposing unnecessary and excessive force;

   b. Improperly and inadequately training, authorizing, encouraging, or directing its law enforcement officers on the proper and constitutional use of force, particularly in situations involving passive non-compliance from unarmed citizens;

   c. Failing to adequately investigate allegations of excessive force by its deputies; and

   d. Failing to adequately discipline deputies for violations of policy and constitutional rights related to excessive force.

52. These customs, policies, and practices of the Washtenaw County Sheriff's Office, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the constitutional violations inflicted by the individual Defendants upon the Plaintiff.

53. This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiff's constitutional rights.

54. Plaintiff's federal constitutional claims are cognizable under 42 U.S.C. §1983.

55. As a direct and proximate result of the unconstitutional acts and policies of Defendant Washtenaw County as alleged herein, Plaintiff has sustained a violation of his rights under the law and, as a result, is entitled to declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Edward Fussello, Jr. respectfully requests that this Honorable Court enter a judgment in his favor and against the Defendants, and grant the following relief:

a. Assert jurisdiction over this matter;

b. Enter a judgment in favor of Plaintiff and against all Defendants;

c. Award Plaintiff compensatory damages in an amount to be determined at trial, against all Defendants, jointly and severally, for Plaintiff's physical injuries, including his fractured femur and avascular necrosis, past and future medical expenses, physical pain and suffering, mental anguish, emotional distress, humiliation, and loss of enjoyment of life;

d. Award Plaintiff punitive and exemplary damages in an amount to be determined at trial against Defendants Gerwig and Shankland, in their individual capacities, for their malicious, willful, wanton, and/or reckless disregard for Plaintiff's constitutional rights;

e. Award Plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

f. Grant such other and further relief as this Court may deem just, equitable, and proper.

Respectfully submitted,

/s/ Reno Arabo
RENO R. ARABO (P83692)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7777 / F: (313) 470-2011
renoa@markolaw.com

10

Date:   October 13, 2025

11